# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECAN GENOMICS, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>INVITAE CORPORATION; ARCHERDX, LLC; AND INTEGRATED DNA TECHNOLOGIES, INC.,<br><br>      Defendants. | C.A. No. 23-1114-GBW |

**INTEGRATED DNA TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW**

There are *nine* pending IPR petitions against the Asserted Patents. D.I. 56 ("Mot.") at 1. Tecan's Opposition fails to engage this reality, pretending that there are only five while ignoring the other four. *See* D.I. 63 ("Opp.") at 2. Given this multitude of filings, it is a virtual certainty that some proceedings in the Patent Office will be instituted. It would be more prudent for the Court to stay this case while the Patent Office makes those determinations, avoiding the complexity of parallel proceedings and the potential for wasted resources.

## ARGUMENT

### I. A Stay Would Simplify Issues for Trial.

Tecan argues that "any potential for simplification is speculative at this point," because the PTAB has not yet made an institution decision on the petitions seeking *inter partes* review of the Asserted Patents in this case. Opp. at 1. But this is a case where "so many claims from so many patents [are] in play, the law of probabilities makes it almost certain that the PTAB will grant at least some of the petitions, and that some of the claims will eventually be rejected or modified." *Miics & Partners Am. Inc. v. Toshiba Corp.*, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015). Those decisions by the PTAB will simplify the issues for trial. The five asserted patents in this case are the subject of *nine* independent IPR petitions. Therefore, the likelihood that at least some of the petitions will be instituted is far closer to near certainty, as in *Miics*, than "wishful thinking," as Tecan characterizes it. Opp. at 6.

IDT's opening brief noted that the PTAB institutes IPR proceedings for 71 percent of challenged patents. Mot. at 4. Tecan's response accuses IDT of a "misapplication of statistics," Opp. at 6, but it does not dispute the accuracy of this figure (which is published by the PTO). Rather, it contends that because the institution has not happened yet, the likelihood of institution is "mere speculation" and "mere wishful thinking." *Id*. It is not a "misapplication," "speculation," or "wishful thinking" to believe that if one flips a coin, there is a good chance it

1

comes up heads.  And it certainly is not "wishful thinking" to believe that if one flips a coin *nine* times it will come up heads at least a few times.  And here, the PTO's official statistics make clear that IPR institution is not a coin-flip—it is highly probable.  Given the nine petitions, Tecan has a 1-in-100,000 chance[1] that the PTAB does not institute IPR proceedings regarding at least one of the asserted patents.  Unlike some prior cases, here, the likelihood that the IPRs will not simplify this case in some way is so low that the Court should exercise its discretion to stay this case, as in *Miics*.

Tecan's argument that it is "purely speculative," Opp. at 3, that the IPRs will simplify this case is based on citations to factually inapposite cases.  Opp. at 3–5.  In *Invensas Corp. v. Samsung Elecs., Co.*, the court denied a motion to stay pending institution because a first set of IPR petitions against the same patents and based on the same prior art already had been denied institution.  2018 WL 4762957, at *1 (D. Del. Oct. 2, 2018).  Here, the Asserted Patents have not previously been before the PTAB.  In *Courtesy Products, LLC v. Hamilton Beach Brands, Inc.*, the court denied a motion to stay because not all of the claims at issue in the district court proceedings had been challenged in the IPR, the parties were direct competitors, and the defendant had previously licensed the very patents it sought to invalidate in the IPR.  2015 WL 5145526 at *2 (D. Del. Sept. 1, 2015).  Here, the asserted claims and IPR petitions overlap exactly and Tecan has not identified any products it sells that it alleges compete with the Accused Products.  Tecan then relies on a string of out-of-district cases where the courts exercised their discretion based on factors not at issue here.  *See Ravgen, Inc. v. Quest Diagnostics, Inc.*, 2022 WL 2047615, at *2–3 (C.D. Cal. Feb. 2, 2022) (claim construction already completed); *Sonrai Memory Ltd. v. Texas Instruments*

---

[1] $(1-0.71)^9 = 0.0000145$, or 1-in-100,000.

*Inc.*, 2022 WL 2782744, at *2 (W.D. Tex. May 18, 2022) (defendant's IPR petition required PTAB to grant a motion for joinder).

Tecan acknowledges that all the asserted claims have been challenged in IPR petitions, but declares the notion that those petitions could simplify this case to be "nonsensical," Opp. at 4, citing *Consumeron, LLC v. MapleBear Inc.*, C.A. No. 21-1147-GBW-MPT, D.I. 137 at 12 n.75 (D. Del. Oct. 19, 2022). Tecan misreads the decision. In *Consumeron*, the requested stay was denied (initially) because fact discovery was nearly complete. *Id.* at 12–13. The portion quoted by Tecan concerns the magistrate judge's criticism of the moving party's argument as "nonsensical," noting that it "does not explain how the case law relates to the case at bar." *Id.* at 12 n.75. Contrary to Tecan's argument, it is common sense that if one or more, or all, of the patents are cancelled by the PTAB, this case will be simplified. And *Consumeron* is instructive in that regard, as the PTAB subsequently instituted IPR proceedings as to all asserted claims, 21-1147-GBW-MPT, D.I. 228 (D. Del. Mar. 17, 2023), the Court stayed the action, noting "[e]ven if PTAB found some, but not all, of the claims invalid, such a finding would still reduce the issues presented before this Court," and "should the PTAB affirm the patents' validity, the issues before this Court would still be simplified because Defendant will be statutorily estopped from asserting" grounds that could have been raised during the IPR, *Consumeron, LLC v. MapleBear Inc.*, 2023 WL 3434002, at *2 (D. Del. May 12, 2023), and the case remains stayed pending Consumeron's appeal of the PTAB's invalidity decisions, 21-1147-GBW-MPT, D.I. 253 (D. Del. Apr. 16, 2024).

## II.  The Stage of the Litigation Does Not Disfavor a Stay.

Tecan contends that the stage of the litigation disfavors a stay because "the parties have engaged in significant discovery and served identifications of claim terms for construction." Opp. at 7. But what Tecan characterizes as "significant discovery"—the parties' exchange of initial disclosures, interrogatories and responses, requests for production and responses, and

3

contentions—is just the tip of the iceberg. Tecan has yet to produce a single document from its files in response to IDT's requests for production, no depositions have taken place, and expert discovery has not begun. But given the current schedule, the parties will need to expend significant resources on all of these issues prior to institution if a stay is not granted, especially document discovery, which is set to be substantially complete in February, and fact depositions, which must be complete by the summer. D.I. 45, 49.

Tecan suggests that the stay should be denied because of the advanced state of claim construction proceedings, Opp. at 7, but that argument is misplaced. When the parties served their respective identifications of claim terms in need of construction, neither Tecan nor IDT identified any claim construction issues. Thus, there will be no claim construction proceedings in this case.

### III.     A Stay Would Not Give IDT A Tactical Advantage Or Unduly Prejudice Tecan.

Tecan claims that it would be "unduly prejudice[d]" by a stay, but fails to articulate what that prejudice would be. *See* Opp. at 9–12. Tecan does not deny that it has not sought injunctive relief. It does not deny that it waited until 2023 to assert a patent issued in 2017 against IDT's AMP products which have been marketed since the mid-2010's. There is no special urgency to Tecan's claims for money damages, which take the form only of a claim for a reasonable royalty on IDT's sales.

Notably, Tecan's assertion that "the parties are direct competitors at least in the market for reagents for sample preparation for next generation sequencing" is based only on boilerplate language in the parties' form protective order. Opp. at 11. But contrary to Tecan's protestations in its opposition, in the fourteen months since Tecan filed its Complaint, Tecan has never identified *any product* that it markets that competes with IDT's Accused Products, and so it is no surprise that its Opposition also failed to do so. In fact, Tecan contradicted its own brief in an interrogatory response *served later the same day*, in which Tecan stated that it "does not intend to seek damages

4

in the form of lost profits at this time." Ex. A (Tecan Dec. 13, 2024 Supp. Response to IDT Rog No. 2).

Tecan's argument that the filing of IDT's petitions is somehow evidence of "an attempt to gain a tactical advantage" is similarly meritless. Opp. at 9–10. A timely filing of a petition within the one-year period is neither dilatory nor prejudicial. *See, e.g.*, *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *3 (D. Del. Apr. 4, 2014). Tecan did not disclose which claims were being asserted until June 14, 2024. *See* Ex. B (Tecan June 14, 2024 Par. 4(a) disclosures); *Bonutti*, 2014 WL 1369721, at *3 ("Defendants' use of the year-long period to attempt to determine exactly which claims [plaintiff] would ultimately assert was reasonable"). Once IDT learned the true scope of the parties' dispute, it filed the IPR petitions about three months later.

## CONCLUSION

IDT respectfully requests that the Court grant IDT's motion for a stay of discovery pending the PTO's determination of the pending petitions for *inter partes* review.

5

Dated:  December 19, 2024

OF COUNSEL:

Jessamyn Berniker
Thomas Fletcher
Kevin Hoagland-Hanson
Patrick Hynds
Nicholas Vincent
Anna Searle
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
(202) 434-5000
jberniker@wc.com
tfletcher@wc.com
khoagland-hanson@wc.com
phynds@wc.com
nvincent@wc.com
asearle@wc.com

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#6423)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King St., 8th Floor
Wilmington, DE  19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant*
*Integrated DNA Technologies, Inc.*

6

ME1 51524716v.1